**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH EGAN,

    Plaintiff,

-against-

PENTAGROUP FINANCIAL, LLC,

    Defendant.

VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

'10 CIV 00∕83



NOW COMES Plaintiff, Joseph Egan ("Plaintiff"), by and through his attorneys, Krohn & Moss, Ltd., for his Verified Complaint against Defendant, Pentagroup Financial, LLC ("Defendant"), alleges as follows:

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in Wallkill, Ulster County, New York.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a national company having its principal place of business located in Houston, Texas.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for the alleged consumer debt.

12. Defendant constantly and continuously places collection calls to the number (845) 234-7954 seeking and demanding payment for the alleged consumer debt.

13. Defendant constantly and continuously places collection calls from the number (209) 320-9686 seeking and demanding payment for the alleged consumer debt.

14. Defendant places approximately 5-6 collection calls every day seeking and demanding payment.

15. Defendant failed to provide Plaintiff with a 30 day validation notice.

## CLAIM FOR RELIEF

16. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without properly disclosing its identity.

   d. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt.

   e. Defendant violated §1692e(10) of the FDCPA by making false representations and engaging in deceptive means to collect an alleged debt.

   f. Defendant violated §1692f of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect an alleged debt.

   g. Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification

of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. Plaintiff is entitled to his attorney's fees and costs incurred in this action.

18. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated: January 14, 2010

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-289-0898
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOSEPH EGAN, hereby demands a jury trial in this matter.

## VERIFICATION

STATE OF NEW YORK    )
                     :ss.:
COUNTY OF _____  )

Plaintiff, JOSEPH EGAN, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOSEPH EGAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11/16/09

JOSEPH EGAN